UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

ASSET REALTY LLC,

              Debtor.

Case No. 23-10326-MLB

**TRUSTEE'S REPLY TO OBJECTIONS TO SALE MOTION**

COMES NOW Edmund J. Wood as chapter 7 trustee (the "Trustee") for Asset Realty LLC ("Debtor"), by and through his attorneys Foster Garvey P.C. (Deborah A. Crabbe and Dan Youngblut), who hereby submits the following reply to the C21 Objection,[1] the UST Response,[2] and the Kovenan Conditional Objection[3] (collectively, the "Objections") and in further support of the Sale Motion.[4] The Trustee incorporates the *Declaration of Edmund J. Wood* [Dkt. No. 200] (the "Wood Dec.") and *Declaration of Chad Storey* [Dkt. No. 201], and any declaration of Mr. Storey filed contemporaneously herewith, and respectfully states as follows:

---

[1] *Objection of C21 to Sale* [Dkt. No. 210] (the "C21 Objection").

[2] *United States Trustee's Response to Chapter 7 Trustee's Motion for Order Authorizing Trustee to Sell Property of the Estate Free and Clear of Liens and Claims* [Dkt. No. 208] (the "UST Response").

[3] *Conditional Objection to Trustee's Motion to Sell Property of the Estate* [Dkt. No. 209] (the "Kovenan Conditional Objection.").

[4] *Motion for Order Authorizing Trustee to Sell Property of the Estate Free and Clear of Liens and Claims* [Dkt. No. 199] (the "Sale Motion"). Capitalized terms not defined herein are as defined in the Sale Motion.

TRUSTEE'S REPLY TO OBJECTIONS TO SALE MOTION - 1

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

Case 23-10326-MLB    Doc 219    Filed 03/18/24    Ent. 03/18/24 17:34:18    Pg. 1 of 6

## PRELIMINARY STATEMENT

1. The Property is a bespoke system that has little marketability and can only be optimally utilized by one individual: Chad Storey ("Purchaser"). The Trustee and Purchaser have entered into an agreement to provide a meaningful recovery for this chapter 7 estate. This result is the best that can reasonably be expected under the circumstances and is consistent with the Bankruptcy Code and the Trustee's fiduciary duties. Therefore, the Trustee respectfully submits that the Objections should be overruled and the sale of the Property approved.

## REPLY

**A. C21's Many Complaints About the Sale Process and Structure Are Meritless.**

2. For a section 363(b) sale "to be approved, the trustee must establish: (1) a sound business purpose exists for the sale; (2) the sale is in the best interest of the estate, *i.e.*, the sale price is fair and reasonable; (3) creditors received proper notice; and (4) the sale was properly negotiated and proposed in good faith." *In re Hernandez*, 2023 WL 8453137, at *4 (9th Cir. B.A.P. Dec. 6, 2023). The Trustee and the Bankruptcy Court each have an "obligation . . . to assure that optimal value is realized by the estate **under the circumstances**." *In re Portland Injury Institute, LLC*, 2022 WL 263490, at *3 (9th Cir. B.A.P. Jan. 27, 2022) (emphasis added). Furthermore, section 363(m) provides protections for purchasers of assets who buy "in good faith" and "for value." *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992).[5]

3. C21 raises many concerns about whether the sale terms and process comply with applicable law. At bottom, the C21 Objection is chock full of allegations and hollow complaints, but bereft of admissible evidence in support of such allegations and complaints or any practical alternatives for the Trustee to pursue here. As the Trustee has stated, "the likely alternative to the proposed sale of the Property . . . is abandonment of the Property." (Wood Dec., ¶ 28.)

4. "[T]he proposed transaction does not embody any of the traditional

---

[5] C21 cites *In re Abbotts Dairies of Penn., Inc.*, 788 F.2d 143 (3d Cir. 1986), as the standard approving section 363 sales. The citation to a Third Circuit case is odd, given the many Ninth Circuit cases on section 363 sale. C21 also cites *Childers*, 526 B.R. 608, a South Carolina case which cites the same general standard as *Ewell*.

TRUSTEE'S REPLY TO OBJECTIONS TO SALE MOTION - 2

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

Case 23-10326-MLB    Doc 219    Filed 03/18/24    Ent. 03/18/24 17:34:18    Pg. 2 of 6

*characteristics of a purchase and sale. There is no defined purchase price. There is just a percentage of collections to be retained by the Purchaser."* (C21 Objection, p. 2.) The Bankruptcy Code does not require a fixed purchase price. *See, e.g.*, *In re Simply Essentials, LLC*, 640 B.R. 922 (Bankr. N.D. Iowa 2022) ("The Court fully credits, accepts, and defers to Trustee's opinion" that offer of percentage recovery was superior to offer of fixed amount with no percentage recovery). So too here, as the Trustee credibly explained that he was "concerned that any Competing Purchaser who may bid on the Property will not have the expertise to operate [it], which could result in far less proceeds coming to the estate . . . ." (Wood Dec., ¶ 21.)

5. *"There is no realistic projection as to the expected revenue, or quantification as to the universe of potential future revenue, nor are there any teeth to the supposed 'guarantee' minimum payment."* (C21 Objection, p. 2.) C21 apparently believes that administrative insolvency is somehow preferable to a sale structure which aligns incentives for both the chapter 7 estate and Purchaser. In any case, the Trustee has the right to sue for the "minimum payment" and the right to file a UCC financing statement to perfect a security interest in proceeds (which C21 then complains is "rather meaningless"), thereby upending C21's "no teeth" argument.

6. *"The overarching problem with the Sale Motion is it is not a sale at all, but rather is a thinly veiled pretense allowing the Trustee to essentially continue operation in a Chapter 7 liquidation without Court authority under 11 U.S.C. § 721."* (C21 Objection, p. 2.) The Trustee is, of course, not a real estate broker; he has "neither the expertise in operating the Lead Generation Program nor the time to invest in undertaking such a monumental task to monitor the system, contact brokers using the Lead Generation Program on a daily basis, contact escrow and collect the Accounts Receivable Commissions." (Wood Dec., ¶ 6.) Taken to its logical conclusion, C21's argument would call into doubt section 363 sales of going-concern operations (or even avoidance actions) in chapter 7. Such a result comports with neither common sense nor prevailing practice, and a sale with a percentage recovery is a good outcome for the estate.

7. *"There is nothing in the Sale Motion to support that level of expected revenue*

TRUSTEE'S REPLY TO OBJECTIONS TO SALE MOTION - 3

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

Case 23-10326-MLB   Doc 219   Filed 03/18/24   Ent. 03/18/24 17:34:18   Pg. 3 of 6

*[$250,000]. No appraisal. No projections. No quantification of any kind."* (C21 Objection, p. 5.) The Bankruptcy Code does not require appraisals, projections, or even quantification. At bottom, C21's argument ignores the reality that "a sale by a Chapter 7 trustee that is charged with the liquidation of estate assets presents a different scenario than a sale by a debtor-in-possession under Chapter 11." *In re Encore Healthcare Assocs.*, 312 B.R. 52, 56 (Bankr. E.D. Pa. 2004); *see also Ewell*, 958 F.2d at 281; *cf. Abbott Dairies*, 788 F.2d at 147 (chapter 11 case). The Trustee's support for the sale is reasonable under the circumstances.

8. *"[F]or the reasons stated above, the evaluation of the facts of this compel [sic] the conclusion that Storey is not a good faith purchaser."* (C21 Objection, p. 9.) This is all hat and no cattle. Purchaser is providing a minimum $100,000 value to the estate as part of the sale, with a potential for a much higher upside, and no party provided asserted a credible alternative.

**B.  The Proposed Sale Violates Neither Washington nor Federal Law.**

9. C21 also argues that the sale is "patently illegal" and that purported violations of federal and state law sound the "death knell" and spell "doom" for the sale. (C21 Objection, pp. 3, 10.) Colorful language aside, these arguments do not withstand scrutiny.

10. With respect to Washington law, C21 disturbingly replaces a critical part of RCW 18.85.301(1) with an ellipsis mark. The missing words are underlined and bolded as follows: "it is unlawful for any licensed firm, broker, or managing broker to pay any part of the licensee's commission or other compensation to any person **who performs real estate brokerage services and** who is not a licensed firm . . . ." Suffice to say, the Trustee is not a person who performs real estate brokerage services, and therefore this statute does not apply to the Trustee. *See also* RCW 18.85.301(2) (emphasis added) (prohibition applies when the payment is made "**to** a real estate broker or managing broker not licensed to do business for the firm."); RCW 18.85.331 (emphasis added) (it is "unlawful for any person to act as a real estate broker, managing broker, or real estate firm without first obtaining a license therefor"). The Trustee is not acting, and does not intend to act, as a real estate broker or firm.

11.     In a last ditch effort to "doom" the proposed sale, C21 asserts that the relief sought in the Sale Motion would violate the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). Specifically, C21 states that "[u]nder the plain language of RESPA, no **party** can receive any portion of a real estate brokerage commission for any reason other than for 'services actually performed.'" (C21 Objection, p. 11 (emphasis added).) But C21 conflates the concept of a "party" with the legally defined concept of a "person" under RESPA, which is carefully defined as "individuals, corporations, associations, partnerships, and trusts." 12 U.S.C. § 2602(5). The chapter 7 trustee is none of those things; he is a *fiduciary representative* of an *estate*. Although there does not appear to be any case directly on point, the Ninth Circuit has held that a chapter 7 trustee's "status as trustee precludes any finding that the trustee suffered any damages [under section 362(h)] as an individual, because any harm suffered . . . is actually incurred by a thing, *viz.*, the bankruptcy estate . . ." *In re Pace*, 67 F.3d 187, 193 (9th Cir. 1995). When Congress wants to include a bankruptcy estate in the definition of "person," it knows how to do so. *See In re Mack*, 269 B.R. 392, 406 (Bankr. D. Minn. 2001) (observing that the Internal Revenue Code (26 U.S.C. § 7701(a)(1)) expressly defines a "person" to include, among other things, an estate, which "would include a bankruptcy estate").

12.     As another matter, C21's implicitly pejorative depiction of the Trustee as simply "waiting to collect his cut" also undercuts C21's argument that the sale violates RESPA. As the Ninth Circuit has previously held, RESPA's "non-exhaustive list of settlement services also suggests a limitation to costs payable at or before settlement." *Bloom v. Martin*, 77 F.3d 318, 321 (9th Cir. 1996) (citing guidance from HUD emphasizing this "temporal distinction" under RESPA is "directed to practices preceding or accompanying the settlement and not to post-settlement practices"). Simply put, the Trustee is not a person subject to RESPA, and the structure of the sale here does not implicate the policy concerns underpinning RESPA.

**C.    The Objections Regarding PII Should be Overruled.**

13.     Finally, the Trustee is aware that each of the Objections asserts concerns about

TRUSTEE'S REPLY TO OBJECTIONS TO SALE MOTION - 5

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

Case 23-10326-MLB    Doc 219    Filed 03/18/24    Ent. 03/18/24 17:34:18    Pg. 5 of 6

personally identifiable information ("PII"). To the best of the Trustee's understanding, much of the "personal information" in the Property comes from public sources (*e.g.*, Zillow), and is therefore not PII. To the extent that any PII ***is*** part of the Property, the Trustee's understanding is that Purchaser has committed to maintaining such PII consistent with any privacy policies or similar guidelines which may currently exist and relate to such PII. The case law indicates that such a commitment should satisfy the applicable provisions of section 363(b)(1) regarding PII.[6] Simply put, the Court does not need to act as a permanent hall monitor; rather, its "obligation [is] to ensure that its sale order complies with law," not to "anticipate and protect against actions taken in contravention of its orders." *Portland Injury Institute*, 2022 WL 263490, at *4. But if the Court disagrees that the present record is sufficient to satisfy section 363(b)(1), then the Trustee respectfully requests that the Court continue the hearing to a later date to let all the parties, including Purchaser, discuss matters further or make additional submissions to the Court.

WHEREFORE, the Trustee respectfully requests that this Court overrule the Objections and enter an order approving the sale of the Property in substantially the form attached to the Sale Motion and grant such other relief as is just and appropriate under the circumstances.

DATED this 18th day of March, 2024.

        **FOSTER GARVEY P.C.**

        */s/ Dan Youngblut*
        Deborah A. Crabbe, WSBA #22263
        Dan Youngblut, WSBA #56010
        1111 Third Avenue, Suite 3000
        Seattle, WA 98101
        Phone: (206) 447-4000
        Email: deborah.crabbe@foster.com
                 dan.youngblut@foster.com
        Attorneys for Edmund J. Wood, Trustee

---

[6] *See, e.g.*, *In re Andronico's Markets*, 2011 WL 6401070, at *4 (sale order, "appropriate to approve the transfer of Debtor's [PII] to the Buyer" because "Buyer has agreed that it will use [PII] . . . only to the extent consistent with the Debtor's published privacy policy"); *accord In re Hi-Five Enters., LLC*, 2011 WL 4520430, at *2 (Bankr. D. Nev. Sept. 21, 2011) (bid procedures order, "Successful Bidder shall adopt the Debtors' privacy policies, if any, with respect to any [PII] . . . of the Debtors' customers . . . that may be conveyed and otherwise transferred to the Successful Bidder"). These precedents undercut C21's suggestion that this Court must "install controls to ensure that [the Property] is operated in compliance with applicable law." (C21 Objection, p. 8.)

TRUSTEE'S REPLY TO OBJECTIONS TO SALE MOTION - 6

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

Case 23-10326-MLB    Doc 219    Filed 03/18/24    Ent. 03/18/24 17:34:18    Pg. 6 of 6