David S Catuogno (Admitted *pro hac vice*)
K&L GATES LLP
One Newark Center, Tenth Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Email: david.catuogno@klgates.com

Honorable Marc L. Barreca
Chapter 7
Hearing Location: Seattle, Rm. 7106
Special Set Hearing Date: April 24, 2024
Hearing Time: 1:30 p.m.
Response Date: April 17, 2024

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

ASSET REALTY LLC

Debtor.

Case No. 23-10326-MLB

**REPLY IN SUPPORT OF MOTION AND REQUEST OF CENTURY 21 REAL ESTATE LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

### I. REPLY

Century 21 Real Estate LLC ("C21"), by and through its undersigned counsel, hereby submits this Reply to the Objection of Edmund Wood, Chapter 7 Trustee (the "Trustee") to C21's Motion (the "C21 Motion") for allowance and payment of certain administrative expenses pursuant to section 11 U.S.C. §503(b) (the "Trustee Objection").

The C21 Motion (ECF No. 221) the Declaration of Jackie Bertet (ECF No. 222) and the Supplemental Declaration of Jackie Bertet filed herewith provide ample legal and evidential support for allowance of C21's administrative expense claims. The Trustee Opposition does not seriously challenge C21's factual or legal submission, nor does it offer any competent evidence to refute the factual basis for C21's asserted claims. Perhaps recognizing this inadequacy, the Trustee asks to delay a ruling on the C21 Motion by complaining that C21's opposition to the Trustee's ill-fated

REPLY IN SUPPORT OF MOTION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE CLAIMS - 1
318355530.3

K&L GATES LLP
ONE NEWARK CENTER
TENTH FLOOR
NEWARK, NEW JERSEY 07102
TELEPHONE: (973) 848-4000
FACSIMILE: (973) 848-4001

Case 23-10326-MLB    Doc 242    Filed 04/19/24    Ent. 04/19/24 14:34:57    Pg. 1 of 6

"sale motion" justifies deferral of the C21 Motion. As demonstrated below, this argument is also defective.

### 1. C21's Chapter 7 Administrative Claim has Adequate Evidentiary and Legal Support[1]

The Trustee Objection claims that C21 has not properly identified the revenue received by the Trustee as commissions from real estate closings entitling C21 to royalties under the Franchise Agreement. The Trustee suggests that certain of the line-item payments shown on the schedule attached as Exhibit C to the Declaration of Jackie Bertet filed with the C21 Motion (the "Post Conversion Schedule") may be revenue from the Pipeline CRM, and not subject to royalties.[2]

The Trustee Objection fails to account for the fact that when the Post Conversion Schedule was provided, it was characterized by Trustee's counsel as a statement representing "what the Trustee has received to date ***from brokerage sales.***" *See* email attached to Declaration of David S Catuogno (the "Catuogno Dec.") at Exhibit "A" (emphasis added). Thus, the Trustee has ***already admitted*** that this is a schedule of brokerage sales, not Pipeline commissions, and is barred from arguing otherwise now. Campbell v. Dep't of Soc. & Health Servs., 150 Wash.2d 881, 902, 83 P.3d 999 (2004). Moreover, prior correspondence from Trustee's counsel suggests that the Trustee knew exactly when a line item was Pipeline revenue.[3] While it may serve the Trustee's salacious narrative to suggest ambiguity as to C21's commission calculations, it is unclear how the Trustee was able to definitively identify two Pipeline transactions on one schedule yet be mystified as to the nature of transactions on another schedule seemingly produced by the exact same program – particularly where the Trustee had already admitted that these transactions were brokerage sales. C21 has addressed any potential ambiguity by the 2nd Declaration of Jackie Bertet submitted herewith, which

---

[1] The Trustee Objection does not pose any substantive objection to C21's requested chapter 11 administrative claim and merely suggests that consideration of the claim be deferred due to perceived alleged bad acts occurring well after the establishment of C21's entitlement to the priority claim. This specious argument is addressed at Section 2, below.

[2] The Trustee's also seems to admit that two contracts were executed after the case was converted to chapter 7 when neither the Debtor, nor the Trustee had any authority to transact new business. *See* Trustee Objection at p. 4; lines 3-5.

[3] Counsel to the Trustee had previously provided a schedule of deposits received by the estate which, in tandem with the covering email, identified two specific highlighted transactions as Pipeline revenue. *See* Catuogno Dec. at Ex B. Those two line-items do not show a "total commission" typical of an actual closing, but rather show only a "brokerage split" which, in the case of Pipeline Revenue, would be the referral fee from a closing by a non-Debtor affiliated agent.

REPLY IN SUPPORT OF MOTION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE CLAIMS - 2
318355530.3

K&L GATES LLP
ONE NEWARK CENTER
TENTH FLOOR
NEWARK, NEW JERSEY 07102
TELEPHONE: (973) 848-4000
FACSIMILE: (973) 848-4001

Case 23-10326-MLB   Doc 242   Filed 04/19/24   Ent. 04/19/24 14:34:57   Pg. 2 of 6

includes C21 records confirming what the Trustee has admitted - that each of the transactions listed on the Post Conversion Schedule are real estate sale closings subject to royalties under the Franchise Agreement.

The Trustee's suggestion that C21 hasn't established a benefit to the estate is not well founded. The subject revenue derived from listings obtained by the Debtor during chapter 11 operations pursuant to the Franchise Agreement and pursuant to the use of C21's protected intellectual property. The Trustee's position that he should be allowed to collect the revenue made possible by the Franchise Agreement while disregarding the corresponding payment obligation is neither reasonable, nor supportable. The benefit to the estate, and the estate's payment obligations, are obvious and indisputable and set forth in detail in the Motion and supporting submissions.

**2. Consideration of C21's Administrative Claims is not Premature, and the Trustee has not Articulated any Valid Basis to Delay the Award of the Administrative Claims**

The Trustee proposed to "sell" the Pipeline CRM asset to the principal of the Debtor for speculative consideration (the "Pipeline Sale"). In so doing, the Trustee ignored that the asset had spawned a multi-million dollar claim against the estate, involves alleged PII, and is opposed by creditors representing the vast majority of unsecured claims and the United Staes Trustee. (*See* filed Objections at ECF Nos. 208, 209, 210). The sole basis for the Trustee's assertion that the Motion is premature is conjecture that C21 *may have* improperly compelled Chad Storey to back out of the Pipeline Sale and "cost" the estate $200,000 in proceeds. Conspicuously absent from the Trustee Objection is competent evidence of any actual conduct/statement by or on behalf of C21 or any foundation that the Pipeline Sale was worth $200,000 to the estate.[4] Most conspicuous of all, however, is the lack of legal or factual authority for the proposition that the Trustee's accusations, if true, would be a basis to deny/delay otherwise allowable priority claims that accrued months earlier. Instead, the

---

[4] Ironically, while the Trustee Objection alleges that C21 did not provide a foundation for its Chapter 7 administrative claim, the Trustee hasn't provided any foundation for valuing the Pipeline Sale at $200,000.

REPLY IN SUPPORT OF MOTION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE CLAIMS - 3
318355530.3

K&L GATES LLP
ONE NEWARK CENTER
TENTH FLOOR
NEWARK, NEW JERSEY 07102
TELEPHONE: (973) 848-4000
FACSIMILE: (973) 848-4001

Case 23-10326-MLB    Doc 242    Filed 04/19/24    Ent. 04/19/24 14:34:57    Pg. 3 of 6

Trustee proffers inuendo regarding claims that the Trustee may or may not bring, based on facts that may or may not exist.[5]

The Trustee's position is based only on triple hearsay where Chad Storey *interprets* his attorney's *impression* of an *alleged* admonition by C21's counsel. First, counsel never told or advised Mr. Storey to "stay away" from the Pipeline. He encouraged Mr. Storey to settle the Kovanen litigation but there is nothing improper about that. That encouragement is entirely consistent with the position taken by C21 throughout this bankruptcy case, including C21's publicly filed Objection to the Trustee's proposed Pipeline Sale (the "C21 Objection"). It is no secret that C21 believes that there are legion infirmities with the Pipeline Sale and that same is not in the best interests of the estate. The Pipeline asset has spawned the Kovanen litigation asserting thousands of violations of privacy laws, millions of dollars in damages, and has further caused C21 to endure litigation expense and risk even though it had no connection to the Pipeline operations. Moreover, far from demanding the scuttling of the Pipeline Sale, counsel for C21 advised Trustee's counsel that while it could not sign on to a sale that would perpetuate C21's exposure, if the Kovanen litigation were settled, the parties could have a conversation about resolving the C21 Objection. Counsel for the Trustee responded that she "got it," specifically stating that she did not know "what the heck …[Storey] was thinking." *See* email attached to Catuogno Dec. at Ex. C.

At bottom, the Trustee is suggesting that the Court should not approve C21's administrative claims because the estate may have some amorphous and unasserted claim for damages against C21. Besides not articulating a viable basis for a damage claim, the Trustee ignores that a proceeding to recover money in a bankruptcy case must be asserted by adversary proceeding. *See* Fed. R. Bankr. P. 7001(1). While the Trustee may argue that the estate's potential damage claims would be a "contested matter" under Fed. R. Bankr. P. 9014, he would be wrong. A contested matter is any dispute in bankruptcy not qualifying as an adversary proceeding under Rule 7001. *See* 10 Collier on

---

[5] The Trustee's expenditure of estate resources on a deeply flawed sale, and objecting to an obvious $11,000 administrative claim raises question. As a major creditor of this estate, C21 reserves all rights regarding the administration herein.

REPLY IN SUPPORT OF MOTION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE CLAIMS - 4
318355530.3

K&L GATES LLP
ONE NEWARK CENTER
TENTH FLOOR
NEWARK, NEW JERSEY 07102
TELEPHONE: (973) 848-4000
FACSIMILE: (973) 848-4001

Case 23-10326-MLB    Doc 242    Filed 04/19/24    Ent. 04/19/24 14:34:57    Pg. 4 of 6

Bankruptcy P 9014.01 (16th 2022). Here, any claims suggested by the Trustee would constitute a request to recover money falling squarely under Fed. R. Bankr. P. 7001(1), - thereby requiring an adversary proceeding.

The distinction between contested matter and adversary proceeding is not just form over substance. C21 is entitled to procedural and substantive rights in an adversary proceeding that would disappear in a generic contested matter. For instance, an adversary proceeding is commenced by a complaint and defendants are entitled to defend, object and otherwise respond per Fed. R. Bankr. P. 7012. Rules 12(b)-(i) of the Federal Rules of Civil Procedure apply in adversary proceedings but do not apply to contested matters. *See* Fed. R. Bankr. P. 9014(c). Additionally, in an adversary proceeding, C21 would be entitled to assert counterclaims, including potential claims for reimbursement of their contractual attorney's fees under the Franchise Agreement. If the relief suggested by the Trustee were to be determined outside of an adversary proceeding, among other things, C21's rights to seek dismissal and/or assert counterclaims could be prejudiced. Thus, while Trustee has not asserted any actual claims, if he elects to do so, the claims would have to be asserted via adversary proceeding and not as some unsupported setoff to otherwise valid administrative claims.

DATED this 19th day of April, 2024.

Respectfully submitted,

K&L GATES LLP

/s/ *David S. Catuogno*
David S. Catuogno (Admitted *pro hac vice*)
One Newark Center, Tenth Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Email: david.catuogno@klgates.com
*Attorneys for Century 21 Real Estate LLC*

REPLY IN SUPPORT OF MOTION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE CLAIMS - 5
318355530.3

K&L GATES LLP
ONE NEWARK CENTER
TENTH FLOOR
NEWARK, NEW JERSEY 07102
TELEPHONE: (973) 848-4000
FACSIMILE: (973) 848-4001

Case 23-10326-MLB    Doc 242    Filed 04/19/24    Ent. 04/19/24 14:34:57    Pg. 5 of 6

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a practice assistant in the law firm of K&L Gates LLP, and on April 19, 2024, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 19th day of April, 2024 at Seattle, Washington.

/s/ *Chloe C. Morse*
Chloe C. Morse

REPLY IN SUPPORT OF MOTION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE CLAIMS - 6
318355530.3

K&L GATES LLP
ONE NEWARK CENTER
TENTH FLOOR
NEWARK, NEW JERSEY 07102
TELEPHONE: (973) 848-4000
FACSIMILE: (973) 848-4001

Case 23-10326-MLB    Doc 242    Filed 04/19/24    Ent. 04/19/24 14:34:57    Pg. 6 of 6